By the Court.—Sedgwick, J.
The defendants’ counsel claims that there was not enough to go to the jury as to the exemption, because the plaintiff gave no testimony tending to show (1) that he was a householder, (2) that the tools were necessary for the carrying on of his trade, and (3) that all the tools (besides $25 worth specifically exempt), his necessary household furniture (besides the articles specifically exempt), his library and instruments, and his team, did not exceed in value in the aggregate the sum of $250.
As to the first two points, I think the learned counsel for the defendants has misapprehended the testimony given. It fully makes out all that on these points the statute particularizes.
The third point is supported by the counsel on the proposition that the plaintiff must show every fact necessary to constitute an exemption, having the presumption against him that the action of the officer under the execution was valid.
The plaintiff could not be called on to do more tha.n to give facts in evidence, that tended to prove the exemption under established rules of testimony. If there was a presumption in his favor, he might rely on it without going into testimony to reinforce it. If the absence csr testimony on a given point would benefit him, on the ground that things not shown by proof to exist, are as if they did not exist, he may rely on that absence of testimony. There was no presumption that he had any property of any kind, until there was evidence given as to it. There was no presumption that he owned the tools in question. If the pleadings had not admitted that fact, the law would not have recognized it without proof. When he proved he had the tools, the rule of law that would govern the jury’s action would be, that there was no question in the case as to other property than the tools. He could not be called on to prove that the value of the tools, with the value of *496 something which was not shown to exist, was $250 or less. Nor was he called upon to say that he had no furniture, no library, no team, etc.
We are entirely satisfied with the rule stated in Smith v. Slade, 57 Barb. S. C. R. p. 641, that it is sufficient for a plaintiff to show, that the articles levied on and claimed to be exempt, are those specified by the statute, are necessary, are within the value of $250, etc., without going into proof of what else he may own.
In Wilcox v. Hawley, 31 N. Y. R. p. 658, Judge Davies said that the testimony given by plaintiff, that the household furniture owned by him (which was not taken under execution), with the team (which was taken and claimed to be exempt), together was not of a greater value than $250, with the other facts the plaintiff • showed, were sufficient to make his case under the statute. He did not, however, decide that proof as to the household furniture was necessary to the plaintiff’s case.
The defendants presented no other point for consideration. The defendants’ exceptions should be overruled; judgment on the verdict for plaintiff entered, with costs.